IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

WANDA BENEFIELD,

  Plaintiff,

v.

AMY HORTON,

  Defendant.

:
:
:
:
:
:
:
:

CIVIL ACTION FILE
NO. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Wanda Benefield and shows the Court as follows:

## PARTIES, JURISDICTION, & VENUE

1.

Plaintiff Wanda Benefield is a resident and is domiciled at 755 County Road 37, Muscadine, Alabama 36269-3137.

2.

Defendant Amy Horton is a resident of Georgia.  She resides and is domiciled at 236 Cleveland Street, Tallapoosa, Georgia 30176, in Haralson County.  Jurisdiction and venue are proper in this court.

3.

There is complete diversity of citizenship between the parties to this action,

the amount sought by Plaintiff in this matter exceeds $75,000.00 exclusive of interest and costs, and jurisdiction and venue is proper in this Court as provided by 28 U.S.C. § 1332.

4.

This case is a renewal of the State Court action as provided by O.C.G.A. § 9-11-41 and 9-2-61, and is filed within six months of the original dismissal on January 11, 2010.  Plaintiff has checked with the clerk of the Superior Court in Haralson County and there are no outstanding costs to be paid at the time of the renewal of this action.

## FACTUAL ALLEGATIONS

5.

On the morning of March 7, 2006, Plaintiff Wanda Benefield used her son's 1998 red Jeep Cherokee to drive her grandson to his school, Tallapoosa Primary School, located off of Georgia Highway 120 in Tallapoosa, Georgia.

6.

As part of her daily routine, Plaintiff Benefield drove her grandson to school practically every morning before going to work.

7.

On the morning of March 7, 2006 at approximately 8:00 a.m., she dropped

off her grandson at the Tallapoosa Primary School kindergarten drop-off, and proceeded through the school's car pool driveway up to a stop sign at the intersection with Georgia Highway 120.

8.

School zone speed reduction rules were in force on the date and time of this incident.

9.

Plaintiff Benefield stopped at the stop sign, checked traffic in both directions, and proceeded to pull out onto Georgia Highway 120 to make a left turn when she was struck by a 2000 silver BMW 323i operated by Defendant Amy Horton.

10.

Defendant Horton was negligent, reckless, wilful, and wantonly operating her vehicle at a speed far in excess of the posted speed limit, and her negligent, reckless, and unlawful conduct is the direct proximate cause of the collision that forms the basis of this lawsuit.

11.

Defendant Horton's vehicle was traveling at such a high rate of speed in a school zone that upon impact Plaintiff Benefield's Jeep Cherokee was struck and

driven at least ten (10) feet laterally by force of impact.  Despite Plaintiff
Benefield's air bag deploying, she was ejected from her vehicle through the
driver's side window across Horton's vehicle's hood, suffering serious and life
threatening injuries.

12.

Plaintiff Benefield suffered a concussion and other serious injuries at the
scene of the incident, including a broken neck, and had to be transported to the
local hospital and then life-flighted to the UAB Hospital in Birmingham, Alabama.

13.

Defendant Horton's vehicle was traveling at such a high rate of speed that it
bent the frame and axle of Plaintiff Benefield's vehicle.  Defendant Horton's
negligence, recklessness, wilfulness, wanton conduct, and conscious indifference
to the consequences is the sole proximate cause of this motor vehicle collision.

14.

Plaintiff Benefield has incurred medical special damages in excess of
$50,000.00 in this matter, and she continues to suffer physical and emotional pain
and suffering due to the permanent injuries she received in this violent motor
vehicle collision caused by Defendant Horton.

15.

The evidence in this case will show that Defendant Horton, a recent high school graduate, was speeding down the subject highway towards Tallapoosa High School, less than two (2) miles away from the subject elementary school, and was recklessly transporting her two younger siblings to high school.

16.

All of Plaintiff Benefield's personal injuries and property damages are due solely to the conduct of Defendant Horton.

## FIRST CLAIM-NEGLIGENCE AND NEGLIGENCE PER SE

17.

Plaintiff realleges and incorporates paragraphs 1 through 16.

18.

Defendant Amy Horton's negligence is the sole proximate cause of this motor vehicle collision and she is solely responsible for Plaintiff's Benefield personal injuries, general damages, and special damages.

19.

Plaintiff Benefield is entitled to recover for all past, present, and future personal injuries and damage claims that she has arising out of the subject incident due to Defendant's conduct.  Defendant Horton was negligent and negligent per se

in the operation of her motor vehicle, violated statutes, including but not limited to excessive speeding in a school zone, driving too fast for conditions, reckless driving, and other violations of Georgia rules of the road.

20.

As a direct and proximate result of the subject collision, Plaintiff Benefield has suffered extreme pain, suffered permanent and disabling injuries and incurred various expenses including, but not limited to, emergency medical transport, hospital medical expenses, ongoing medical expenses, and loss of future earnings and earning capacity, and the ability to enjoy life.

## SECOND CLAIM – ATTORNEY'S FEES & COSTS

21.

Plaintiff realleges and incorporates paragraphs 1 through 20.

22.

Defendant's conduct in this case shows the species of bad faith, wilful, wanton, and intentional misconduct entitling Plaintiff to an award of attorney's fees and costs as provided by O.C.G.A. § 13-6-11.

23.

Defendant's conduct in this case shows stubborn litigiousness and has caused Plaintiff unnecessary costs and expenses, when a reasonable investigation

would show that Defendant Horton's negligence is the sole proximate cause of Plaintiff's claims in this lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant and that she be granted the following relief:

1) That process issue and that defendant be served with Complaint and Summons;

2) That Plaintiff have judgment against the Defendant for all her claims plead in this complaint above, in an amount that the jury finds will fully adequately compensate her for her personal injuries and damages, general and special, which have been sustained as a result of the defendant's negligence, but not less than $250,000.00;

3) That Plaintiff Benefield recover her medical special and damages to be proven at trial which are in excess of $50,000.00 to date;

4) That this Court grant such other equitable and further relief as it deems just and proper; and

5) PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES AND CLAIMS PLEAD IN THIS LAWSUIT AND ANY AMENDMENTS THERETO.

RESPECTFULLY SUBMITTED,

By: _____
     TERRY D. JACKSON
     Georgia Bar No. 386033

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com